[No. 11698.  Department Two.  June 30, 1914.]

## L. S. BEACH, *Appellant*, v. THE CITY OF BELLINGHAM, *Respondent*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—PROCEEDINGS—NOTICE— STATUTE—APPLICATION.  Provisions of a city charter of the first class with reference to the publication of notice of proposed improvements do not apply to proceedings under 3 Rem. & Bal. Code, § 7892-1 *et seq.*, in view of Id., § 7892-67 making the act applicable to all cities, and § 7892-71 providing that the act shall supersede the provisions of the charter of any city of the first class inconsistent therewith.

SAME — ASSESSMENTS — LIMITATIONS — SEPARATE IMPROVEMENT. Where a resolution and ordinance for the clearing, grading and curbing of a certain street were within the statute as to the maximum cost, they are not invalidated by the adoption, on the same day, of a resolution and ordinance for paving the same street, the combined cost of the two improvements exceeding the maximum cost allowed by law, where the later improvement was held illegal and the ordinance therefor subsequently repealed.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered June 13, 1913, upon findings in favor of the defendants, denying injunctive relief against a public improvement, after a trial to the court on the merits.  Affirmed.

*Henry C. Beach*, for appellant.

*Dan F. North*, for respondent.

FULLERTON, J.—On March 10, 1913, the city council of the city of Bellingham passed a resolution declaring its intention to order the improvement of certain streets in that city.  The resolution was in form and substance such as is provided for in 3 Rem. & Bal. Code, §§ 7892-1 to 7892-72.  The resolution described the improvement to consist of "clearing, grubbing, grading and constructing concrete curbs and gutters, roadway to be 24 feet in width between curbs, together

[1]Reported in 141 Pac. 703.

with concrete sidewalks where necessary, and making the necessary provisions for drainage of the same."

Later on in the same evening, the city council passed another resolution, similar in form and substance to the first, declaring its intention to improve the streets described in the first resolution, by "paving the same with asphalt on a concrete base, or other suitable pavement, the full width between the proposed curbs." The resolutions were published for two consecutive weeks in the official newspaper of the city of Bellingham, as directed by the statute. Prior to the time fixed for the hearing, an estimated cost of each proposed improvement, together with the assessed value of the property within the improvement district and a diagram or plat showing the lots and blocks which would be specially benefited thereby, was prepared and filed with the city council by the proper officer. This return showed that the assessed value of the property within the district was $47,202, and that the estimated cost of the improvement proposed by the first resolution was $19,500, and the second $15,400. Protests against the proposed improvements were filed by property holders residing within the district, which protests were overruled by the council at the hearing held on the day fixed therefor.

On the same evening, ordinances were introduced, and read the first and second times, providing for the improvements in accordance with the resolutions, the ordinance relating to the first resolution being introduced first, and numbered 1970, the other subsequent thereto and numbered 1971. Both of the ordinances were passed in the order of their introduction at a subsequent meeting of the city council, held on April 28, 1913, were approved by the mayor on the same evening, and afterwards duly published for the required period.

The present action was begun on May 27, 1913, to enjoin the city from proceeding with the improvement of the streets under the resolutions and ordinances mentioned. Issue was taken on the complaint, and a trial had, which resulted in a judgment of the court enjoining the city from making the

improvement contemplated by the second resolution and ordinance, but denying the injunction as to the first. After the entry of the judgment, the city accepted it as a final determination of its rights in the premises, and subsequently repealed the second ordinance. The plaintiff in the action appeals.

The first three assignments of error relate to the sufficiency of the publication of the notice of intention to improve the street. It is not denied that the notice was published in strict conformity with the statute, but it is said that the city charter requires publications of this character to be made in the city official paper for five successive issues, and that the charter provisions, in so far as they are applicable, control the action of the city officers in making public improvements rather than the provisions of the statute. But, without speially reviewing its provisions, we think the statute before cited was intended to furnish in itself a complete scheme for making public improvements by the different municipalities of the state, and that any such municipality is at liberty to pursue it, even though it may have in its own charter and ordinances a distinct and separate scheme for that purpose. It provides (in § 7892-67) that the provisions of the act shall apply to all incorporated cities and towns in the state, including unclassified cities and towns operating under special charters, and (in § 7892-71) that the act shall supersede the provisions of the charter of any city of the first class (the class to which the city of Bellingham belongs) inconsistent therewith. It is not necessary here to decide whether a city of the first class may now proceed under its charter and ordinances in making a public improvement in disregard of the provisions of the statute, but it is clear that any such city may proceed in so doing under the statute, and that its procedure, if the provisions of the statute be followed, will be legal and valid, regardless of the question whether such procedure is in compliance or in conflict with its charter and ordinances. It fol-

lows that the publication of the resolution of intention in the present instance was legally sufficient.

The statute (3 Rem. & Bal. Code, § 7892-12) fixes a limitation at which benefited property in an assessment district may be assessed for the cost of a public improvement at fifty per centum of its value, exclusive of improvements thereon, according to the valuation last placed thereon for purposes of general taxation. *Van Der Creek v. Spokane*, 78 Wash. 94, 138 Pac. 560. It will be observed, from an examination of the figures before given, that, while the cost of the first contemplated improvement is well within the limit of the prescribed per centum, the combined cost of the two improvements exceeds that per centum. It was on this ground that the trial court held the procedure relating to the second contemplated improvement invalid. It held that a city could not make a second improvement upon a street, when the cost thereof added to the unpaid cost of the first improvement exceeded the maximum cost the statute permitted to be expended in the improvement of the street. The appellant argues that, if this holding is sound, it is so on the principle that the two proceedings are one in law, and being one in law it must follow that, if it is invalid in part, it is invalid in its entirety. But we think that the premise here assumed is not warranted by the facts. While the one proceeding followed closely upon the other, the proceedings in themselves were entirely separate, as much so as they would have been had the first been completed before the other was initiated. The first is within the statute both as to its regularity and as to its maximum of cost. It is therefore a valid procedure, and could not be rendered invalid by any subsequent act of the city looking to the placing of an additional improvement on the street. We need not, of course, inquire on this hearing into the soundness of the conclusion that the second proceeding is invalid. Since we hold the first proceeding within the statute, the appellant is in no way aggrieved by the judgment entered. The city could complain

but it has accepted the judgment, and only the party aggrieved has the right of appeal.

The judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and MORRIS, JJ., concur.